UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-24781

VANESSA ORTEGA,

    Plaintiff,

vs.

FORD, ARMENTEROS AND FERNANDEZ, INC. and
OMAR ARMENTEROS,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Vanessa Ortega, sues Defendants, Ford, Armenteros and Fernandez, Inc. and Omar Armenteros, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Vanessa Ortega**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Ms. Ortega consents to participate in this lawsuit.

3.     Ms. Ortega was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

4.     Ms. Ortega was a non-exempt employee of Defendants.

5.     **Defendant, Ford, Armenteros and Fernandez, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Omar Armenteros,** was at all times material the Owner of Precise Stripes "LLC", for the time period relevant to this lawsuit. He ran Ford, Armenteros and Fernandez, Inc.'s day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, Ford, Armenteros and Fernandez, Inc., maintained its principal place of business in this District, Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. Defendants, Ford, Armenteros and Fernandez, Inc. and Omar Armenteros, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). Both Defendants employed Plaintiff.

10. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq*.

### *Background Facts*

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12. In particular, Defendants own and operate a company at all times material engaged in interstate commerce in the course of their provision of the services which included:

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

a) Subdivision Design;

b) Waiver or Tentative & Preliminary Plats;

c) Final Plats;

d) ALTA NSPS Land Title Surveys;

e) Topographic Surveys;

f) Specific and As-Built Surveys;

g) Condominium Surveys;

h) Construction Surveys;

i) Plot Plans;

j) Building Stake Out;

k) Form Board Check;

l) Foundation Surveys;

m) Final Surveys;

n) Paving and Drainage Stakeout and As-Built;

o) Water and Sewer As-Built;

p) Accident Surveys;

q) Mortgage Surveys;

r) Route Surveys;

s) Mapping;

t) Astronomic Observation;

u) Sketch and Legal Description;

v) Expert Witness Testimony;

w) Mean High Water Studies;

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

   x) Land Planning;

   y) Land Use and Zoning Consulting Services; and

   z) DRI reports.

13. These services, traditionally, cannot be performed without using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce prior to Defendants' use of same.

14. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors and in the course of their provision of services to persons and entities (clients) located outside of the State of Florida.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants advertise their services online at www.fordco.com, a website that they registered with Network Solutions, LLC, a foreign corporation.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

18. Plaintiff worked for Defendants from about March 1, 2017 to September 14, 2019. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

19. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course her work for Defendants as an assistant who regularly and routinely utilized telephones, computers, pens, pencils, stationary, computers, monitors, files, filing supplies, machinery, materials, and supplies that were provided to her by Defendants and that traveled in interstate commerce prior her use of the same.

20. In addition, Plaintiff would regularly and routinely mail documents (including surveys and payments) to locations inside and outside of the State of Florida for work.

21. Defendants paid Plaintiff an hourly rate of $19.00 per hour during her employment with Defendants.

22. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked beyond 40 hours in a given workweek.

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

25. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Vanessa Ortega, demands the entry of a judgment in his favor and against Defendants, Ford, Armenteros and Fernandez, Inc. and Omar Armenteros, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

   f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

   g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Vanessa Ortega, demands a trial by jury of all issues so triable.

Dated this 19th day of November 2019.

                                                    Respectfully Submitted,

                                                  s/*Brian H. Pollock, Esq.*
                                                  Brian H. Pollock, Esq. (174742)
                                                  brian@fairlawattorney.com
                                                  FAIRLAW FIRM
                                                  7300 North Kendall Drive
                                                  Suite 450
                                                  Miami, FL 33156
                                                  Tel:    305.230.4884
                                                  *Counsel for Plaintiff*